## BAKER v. BAKER.

1. APPEAL AND ERROR—FINDING—EVIDENCE—DEEDS—LIFE LEASE.

In suit to require execution of deed to plaintiffs by their son's former wife, *de novo* review of record *held*, to require finding that written agreement which had been made at time of deeding of land from plaintiffs to their son and wife was to give plaintiffs a life lease of the farm.

2. DEEDS—DESTRUCTION OF AGREEMENT—EFFECT.

Where it is shown that an agreement to convey a life interest in land once existed, subsequent destruction of agreement by wife of obligor therein did not affect the obligation created thereby.

3. JUDGMENT—PARTIES—DIVORCE—RES JUDICATA.

Since plaintiffs, parents of defendant's former husband, were not parties to suit for divorce by which defendant became a tenant in common of farm with her former husband, their rights were not adjudicated thereby.

4. PARTITION—TENANCY IN COMMON—LIFE ESTATE.

In suit to require execution of deed to plaintiffs by their son's former wife, where latter became a tenant in common after entering into agreement to convey a life interest in farm formerly owned by plaintiffs, husband, who had defalcated with school district funds, and wife, defendant was entitled to have partition pursuant to statute, same to be in full recognition and preservation of plaintiffs' life lease and use without any accounting therefor (3 Comp. Laws 1929, § 14995).

5. SAME—REMAND—STATUTES.

Where Supreme Court is unable to work out the procedural details of statutory partition under record presented, case is remanded to the circuit court (3 Comp. Laws 1929, § 14995).

Appeal from Monroe; Golden (Clayton C.), J. Submitted April 3, 1945. (Docket No. 6, Calendar No. 42,894.) Decided June 29, 1945.

Partition of future interests in specie or by sale, see 2 Restatement, Property, chap. 11, topic 1, pp. 649–692.

Bill by Fred L. Baker and wife against Mary H. Baker to require the execution of a deed to real estate. Cross bill by defendant against plaintiffs for partition of real estate. Decree for plaintiffs. Defendant appeals. Reversed.

*Williamson & Ready,* for plaintiffs.

*Hugh Kenneth Davidson* and *Roy A. McGinty,* for defendant.

WIEST, J. Plaintiffs, as husband and wife, owned by the entirety a 47-acre farm in Monroe county, subject to a $600 mortgage. Plaintiff Fred L. Baker, while treasurer of a school district, used funds in his hands as such treasurer to help his son Russell buy an automobile. At the close of his term as treasurer the shortage so occasioned was discovered and repayment demanded. In the meantime the son Russell had married defendant Mary H. Baker. Plaintiffs claim that in order to meet the defalcation of school funds they deeded the farm to Russell and his wife under a written agreement by Russell and Mary to pay the sum due the district and when that was done to redeed the farm to plaintiffs. Defendant destroyed the written agreement.

There was dispute as to the nature of and contents of the destroyed agreement. The trial judge observed that the wilful destruction by defendant of the agreement was strong evidence that, had it not been destroyed, it would have sustained the claim of plaintiffs as to its contents and decreed redeeding of the farm by defendant to plaintiffs.

There would have been little purpose served in plaintiffs' deeding their farm to defendant and her husband on condition that they pay plaintiff Fred L. Baker's obligation to the school district and when

that was paid to deed the farm back to plaintiffs. A reading of the record leads us to find that the written agreement at the time of execution of the deed by plaintiffs was to give plaintiffs a life lease of the farm. The subsequent foolish destruction of such agreement by defendant did not in any respect affect the obligation to give the life lease.

Defendant claims that in January, 1935, she was divorced from Russell F. Baker and the decree of divorce adjudged the parties owners of the farm as tenants in common and thereafter Russell, by quitclaim deed, dated June 13, 1938, conveyed his rights as a tenant in common to plaintiffs and submitted proofs in support thereof.

Of course, plaintiffs herein were not parties in any way to the divorce case and their rights to the farm have not been adjudicated thereby but defendant, by her claim in her cross bill and proofs thereunder, is owner of an undivided interest in the farm as a tenant in common with plaintiffs.

Upon hearing this case *de novo* we find from the record that plaintiff Fred L. Baker was financially unable to meet his liability for the unlawful use of the school funds and apprehension of action against him on account of his defalcation caused him and his wife to convey their farm, July 7, 1932, by warranty deed, subject to the $600 mortgage, to their son Russell and his wife upon their undertaking to pay his obligation to the school district and grant plaintiffs a life use of the farm. Defendant taught school and out of her salary as a teacher repaid the shortage, as appears by the following receipt, signed by three of the school officers:

"Dundee  May 26–33

"Received of Mrs. Mary Baker the sum of (Seven hundred thirty-three $733) to pay the shortage in

Fred Baker's account as Treasurer of School Dist. #6 Dundee.''

Defendant, as a tenant in common, by cross bill seeks partition of the premises. Before she became a tenant in common she, as a necessary party, joined in the life lease of the premises to plaintiffs. Defendant, as a tenant in common, may have partition in accordance with the provisions of the statute on that subject, 3 Comp. Laws 1929, §14995 (Stat. Ann. § 27.2012), but whether by division or sale it must be in full recognition and preservation of plaintiffs' life lease and use without any accounting therefor.

Under this record we cannot work out the procedural details of statutory partition and for that purpose the case is remanded to the circuit court.

The decree in the circuit court is reversed and a decree will be entered in this court requiring the defendant to execute and deliver to plaintiffs a life lease covering all her interests in the farm. Plaintiffs will recover costs.

STARR, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.